LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THINKSTG LLC,<br><br>Debtor. | Case No. 26-17188-mkn<br>Chapter 11<br><br>Date: December 16, 2026<br>Time: 9:30 a.m. |

**DECLARATION OF ZACHARIAH LARSON, ESQ. IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF LARSON & ZIRZOW, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

I, Zachariah Larson, Esq., hereby declare as follows:

1. I am over the age of 18 and am mentally competent. I am an attorney licensed to practice law in the State of Nevada, and am admitted to practice law before this Bankruptcy Court. I am a shareholder with Larson & Zirzow, LLC ("L&Z"), which maintains offices at 850 E. Bonneville Ave., Las Vegas, Nevada 89101. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so as stated herein. I make this Declaration in support of the *Application for Order Approving the Employment of Larson & Zirzow, LLC as Bankruptcy Counsel to the Debtor Effective as of the Petition Date* (the "Application") filed by ThinkSTG, LLC, as debtor and debtor in possession (the "Debtor").

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**Retention**

2. On October 19, 2026, L&Z entered into a Legal Representation Agreement (the "Representation Agreement") with the Debtor, a true and correct copy of which is attached to the as **Exhibit 1**. The Representation Agreement provides L&Z's current hourly rates and current charges for certain expenses.

3. L&Z's attorneys have extensive experience in bankruptcy and business reorganizations under chapter 11 of the Bankruptcy Code, including in Subchapter V. L&Z's attorneys are duly admitted to practice law in the State of Nevada and before this Court. Both bankruptcy partners of L&Z are "AV" rated by Martindale Hubbell and have more than twenty-five (25) years of experience in chapter 11 reorganizations. Accordingly, L&Z has the necessary experience to deal effectively with the potential legal issues that may arise in this case.

**Scope of Services**

4. L&Z's services are appropriate and necessary to enable the Debtor to execute its duties as the debtor and the debtor in possession faithfully and to implement the company's restructuring and reorganization. This Application proposes that L&Z be employed to render the following professional services:

(a) Prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's bankruptcy estate;

(b) To take all necessary or appropriate actions in connection with a plan of reorganization and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

(c) Take all necessary actions to protect and preserve the Debtor's estate including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate; and

(d) Perform all other necessary legal services in connection with the

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

prosecution of the Chapter 11 Case.

5. It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Subject to this Court's approval of the Application, L&Z is willing to serve as the Debtor's general bankruptcy counsel to perform the services described.

**Disinterestedness**

6. L&Z and its individual attorneys are "disinterested persons" pursuant to §§ 327(a) and 101(14) of the Bankruptcy Code because they are not an equity security holder, or insider of the Debtor; they are not, and were not within two (2) years before the Petition Date, a director, officer or employee of the Debtor; and they do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason.

7. Pursuant to Fed. R. Bankr. P. 2014(a), L&Z does not have any connections with the Debtor, its creditors, any other party in interest, its attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further, L&Z's representation will not be adverse to the Debtor's estate.

**Compensation**

8. On October 29, 2026, L&Z received from the Debtor a total pre-petition retainer of $30,000 (the "Retainer") for its representation of the Debtor. L&Z incurred fees and costs totaling $8,013.50 pre-petition, inclusive of the filing fee for the Chapter 11 Case, against which it applied the Retainer pre-petition to pay such fees and costs in full, and thus retains on hand the remaining balance of $21,986.50 (the "Retainer Balance") in its client trust account to secure the payment of such post-petition fees and costs as may be allowed by the Court pursuant to the fee application process. L&Z will not apply the Retainer Balance to any post-petition fees or costs except as allowed by order of the Court. L&Z has not shared or agreed to share its compensation with any person other than the members and regular associates of L&Z. See 11 U.S.C. § 504.

9. As set forth in the Representation Agreement, the professionals anticipated to work on this matter, and their respective hourly rates, are as follows: Matthew C. Zirzow,

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

Esq./Zachariah Larson, Esq., principals, $650 per hour; Benjamin Chambliss, Esq., associate attorney, $500 per hour; and Patricia Huelsman, paralegal, $295 per hour. The foregoing are L&Z's current customary hourly rates, and L&Z submits that such rates are reasonable in light of its experience and the complexity of the work involved. L&Z will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client at cost.

10. L&Z hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with § 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the *Guidelines for Reviewing Applications for Compensation* established by the Office of the United States Trustee, for all services performed and expenses incurred after the Petition Date.

I declare under penalty of perjury that these facts are true and correct to the best of my knowledge and belief.

Dated: November 12, 2026.

/s/ Zachariah Larson
ZACHARIAH LARSON, ESQ.

# EXHIBIT 1

# EXHIBIT 1

Docusign Envelope ID: 8DAECA8B-392F-8480-831D-0688C3B83BF4

**LARSON & ZIRZOW—ATTORNEY FEE AGREEMENT**
**(INITIAL FEE–CHAPTER 11 BANKRUPTCY)**

This Legal Representation Agreement (the "Agreement") is made as of October 19, 2026, by and between ThinkSTG LLC a Nevada limited liability company and whose principal place of business is 751 West Warm Springs Road Suite #140, Las Vegas, Nevada 89011 (the "Client"), and LARSON & ZIRZOW, LLC, a Nevada limited liability company (the "Counsel")

## I. SCOPE OF ENGAGEMENT

Subject to Client's payment of a $30,000.00 retainer to commence work (the "Retainer"), Client has engaged Counsel for legal representation (the "Representation") to prepare and if necessary, file a voluntary petition for relief under chapter 11, subchapter V, of title 11 of the United States Code (the "Bankruptcy Court") in the U.S. Bankruptcy Court for the District of Nevada, and such other related negotiations and work related thereto as the Client may authorize.

Counsel will communicate expeditiously with Client regarding significant developments and settlement offers, and will compromise or settle Client's case or claims only with Client's consent. Client understands and acknowledges that the timetable for the bankruptcy case and related bankruptcy litigation is within the discretion and control of the Bankruptcy Court. Client acknowledges that Counsel has not given, and cannot give, any assurance of the outcome of any matters covered by the Representation and Client agrees to cooperate fully with Counsel and to provide all information known by, or available to, Client which may aid Counsel in representing Client in the Representation, and to keep Counsel informed of Client's current telephone number, mailing address, and email address.

## II. LEGAL FEES AND EXPENSES

Counsel shall invoice Client on a monthly basis, and Counsel's bills shall include a description of work performed, the hours expended, the expenses incurred, and the amount due. Counsel's current hourly rates and current charges for certain expenses are listed on Exhibit "A" to this Agreement.

Client acknowledges that Counsel may incur various expenses in providing services to Client. Client agrees to reimburse Counsel for all reasonable out-of-pocket expenses paid by Counsel. Such expenses include, but are not limited to, charges for serving and filing papers, courier messenger services, recording and certifying documents, depositions, transcripts, application and filing fees, investigative costs, computerized research, witnesses, long-distance telephone calls, copying and scanning materials, travel expenses, and postage. Such costs are charged at a rate representing reasonable charges in the community for such services.

Any dispute, controversy or claim relating to the enforcement or interpretation of Client's obligations under this Agreement shall be resolved by litigation commenced in the Bankruptcy Court, or absent that Court undertaking jurisdiction, in a court of appropriate jurisdiction in the State of Nevada, Clark County. Notwithstanding the foregoing, this provision is not intended to and shall not be interpreted as a limitation of any rights Client has or may have to pursue claims against Counsel outside the context of the litigation described herein, including, but not limited to, any claims relating to malpractice liability, or to submit Client's fee dispute to any State Bar of Nevada fee dispute resolution program then in effect. In the event a bankruptcy case is filed, any fees and costs incurred

Docusign Envelope ID: 8DAECA8B-392F-8480-831D-0688C3B83BF4

after the commencement of the bankruptcy case are subject to the review and approval of the Bankruptcy Court.

## III. INFORMATION TO BE MADE AVAILABLE TO CLIENT

Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the Representation and as to the courses of actions which are being followed or are being recommended by Counsel. Counsel agrees to provide Client with all written materials sent or received by Counsel pertaining to these matters so long as all fees due to Counsel have been promptly paid by Client. Copies of all such materials will be provided at Client's expense. All of Counsel's work product will be owned by Counsel. Client is strongly urged to consult with its own independent counsel (other than the Counsel herein) regarding the terms and conditions of this Agreement prior to its execution, and by signing this Agreement, Client acknowledges that it has a proper and sufficient opportunity to review and discuss this Agreement with such independent counsel.

## IV. CONFLICTING ENGAGEMENT

Counsel agrees not to accept, without prior approval from Client, any engagement known by Counsel to be in direct conflict with the interests of Client in the Representation. If, in the course of representing multiple clients, Counsel determines in its sole discretion that a conflict of interest exists, Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including Client, to the extent such a withdrawal would be permitted or required by applicable ethical provisions.

## V. TERMINATION OF REPRESENTATION

The Representation established by this Agreement is subject to termination only as follows:

A. Counsel reserves the right to terminate the Representation: (1) if Client fails to honor this Agreement; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if Client demands that Counsel take action which Counsel, in its discretion, determines would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; or (4) if Client fails to cooperate with Counsel, makes false representations to counsel, or fails to pay Counsel promptly as required by the terms hereof. Notification of termination shall be made in writing to Client. In the event of termination, Client agrees to pay Counsel promptly for all services rendered plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

B. Client reserves the right to terminate the Representation at any time and shall notify Counsel in writing of any such termination. In the event of such termination, Client agrees to pay Counsel promptly for all services rendered by Counsel prior to termination plus all other charges or expenses incurred pursuant to this Agreement prior to termination. If Counsel is required to consult with a successor attorney following termination, Client agrees to deposit a retainer with Counsel to cover the cost of such services.

C. Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all major and significant components of the files of Counsel relative to the Representation for a period of four (4) years following the conclusion of the Representation.

Docusign Envelope ID: 8DAECA8B-392F-8480-831D-0688C3B83BF4

D. Counsel shall be entitled to enforce its attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event Client fails to pay Counsel as provided herein, Counsel may retain exclusive control of all Client files as well as any property, monies, or original documents in Counsel's possession, until such fees are paid in full. Client hereby grants a power of attorney to counsel to execute any drafts or instruments payable to Client, apply sums received to Counsel's outstanding fees, and remit any remaining funds to Client.

VI. ACKNOWLEDGMENT OF RISK IN CONTESTED CASES

Client acknowledges that, in the event of a loss, Client may be liable for the opposing party's attorney's fees and will be liable for the opposing party's costs as required by law. Client further acknowledges that a suit brought solely to harass or coerce a settlement may result in liability for malicious prosecution or abuse of process.

VII. COMPLETE INTEGRATION; BINDING UPON ALL PARTIES; CHOICE OF LAW

This Agreement contains the entire agreement between Client and Counsel regarding the Representation and the legal fees and other charges and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by both Client and Counsel. This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors. This Agreement shall at all times be construed and interpreted in accordance with the laws of the State of Nevada, without regard to principles of conflicts of laws. This Agreement may be signed in counterparts and transmitted via e-mail or by facsimile with the same force and effect.

**Pursuant to 11 U.S.C. § 528, please be advised that "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code."**

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth at the beginning hereof.

COUNSEL:

LARSON & ZIRZOW, LLC,
a Nevada limited liability company:

Signed by:
By: *Zachariah Larson*
0968B433D2DA41F
Zachariah Larson, Esq.

CLIENT:

ThinkSTG LLC,
a Nevada limited liability company:

By: [signature]
Karl F. Oleyar
Its: Managing Member

Docusign Envelope ID: 8DAECA8B-392F-8480-831D-0688C3B83BF4

**EXHIBIT A**

**EXPENSES**

| | |
|---|---|
| Local Courier Messenger Services: | actual charge |
| Facsimile | no charge |
| Photocopying / Scanning (per page) | $0.10 |
| Federal Express / UPS | actual charge |
| Computerized Research (Westlaw) | actual charge |
| Electronic Filing and Retrieval Fees (PACER) | actual charge |

**FEE SCHEDULE**

| | |
|---|---|
| Attorneys: | |
| Zachariah Larson, Esq. | $650.00 per hour |
| Matthew C. Zirzow, Esq. | $650.00 per hour |
| Benjamin Chambliss, Esq. | $500.00 per hour |
| Paralegals/Other Professionals: | |
| Carey Shurtliff | $295.00 per hour |
| Trish Huelsman | $295.00 per hour |
| Jennifer Wurtz | $150.00 per hour |